Robert SHAMIS, as assignee of Wishbone Trading Company, Limited, a Hong Kong Corporation and individually, Plaintiff–Appellant–Cross–Appellee,

v.

AMBASSADOR FACTORS CORPORATION, d/b/a, Ambassador Factors, a Division of Fleet Factors Corp., a Delaware Corporation, Defendant–Appellee–Cross–Appellant,

v.

S. Roberts, Inc., a New York Corporation, Jay–Vee, Inc., a New York Corporation, Christy Lynn, a New York Corporation, ABC Companies, fictitious names of corporate affilliates of Defendants S. Roberts, Inc. and Jay Vee, Inc. whose identities are presently unknown, Nathan Korman, as executor of the Estate of Leonard Kaye aka Lawrence Korman aka Steven Pesner, Mahoney Cohen & Co., P.C., A New York Professional Corpoaration,

Estate of Leonard Kaye, Steven M. Pesner, as executor of the Estate of Leonard Kaye, Bank of America National Trust and Savings Association and Angela Angela Christy, a New York Corporation, Defendants–Appellees.

Docket Nos. 00–9344(L), 00–9456(XAP), 00–9514(CON).

United States Court of Appeals, Second Circuit.

Dec. 31, 2002.

Steven G. Storch, Storch Amini & Munves, P.C., New York, N.Y. (Lita Beth Wright, Storch Amini & Munves, New York, N.Y. and G. Robert Blakely, Notre Dame Law School, IN, on the brief), for Plaintiff–Appellant–Cross–Appellee.

Douglas J. Good, Ruskin, Moscou, Evans & Faltischek, P.C., Uniondale, N.Y. (Christine McInerney and Kellie Lagitch, Ruskin, Moscou, Evans & Faltischek, P.C., Uniondale, NY, on the brief), for Defendant–Appellee–Cross–Appellant.

Present VAN GRAAFEILAND, CARDAMONE and JACOBS, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

The plaintiff, Robert Shamis, as assignee of Wishbone Trading Company ("Wishbone"), a Hong Kong Company, and in his individual capacity, appeals the setting aside of a jury's verdict finding that all defendants committed fraud and breach of

contract, and imposing compensatory and punitive damages. Ambassador Factors Corp. ("Ambassador") cross-appeals, claiming judgment as a matter of law on the contract claim. Judgment was entered in the United States District Court for the Southern District of New York (Sweet, *J.*). *Shamis v. Ambassador Factors Corp.*, No. 95 Civ. 9818(RWS), 2000 WL 1368049 (S.D.N.Y. September 21, 2000).

This dispute arises out of a factoring arrangement between Wishbone and Roberts, an apparel retailer. The complaint alleged state common law claims for fraud, breach of contract, and other theories against, *inter alia:* Ambassador, a factor with an ongoing factoring agreement that pre-dated the relationship between Wishbone and Roberts; Roberts and its principal, Nathan Korman, who arranged for its apparel business to be transferred to a new entity for which Ambassador served as factor; and Mahoney Cohen, a firm of supposed accountants that conducted a cursory review of Roberts' books and failed to report evidence of wrongdoing.

Following a three week trial, a jury found for the plaintiff on all counts and awarded millions of dollars in damages, including $7.2 million in compensatory damages for fraud and $10 million in punitive damages, to be assessed against the defendants. The district court partially granted defendants' post-trial motion for judgment as a matter of law, dismissing the fraud claims and vacating the $10 million award of punitive damages.

On appeal, Shamis challenges orders [1] dismissing his fraud claims and the punitive damages award, [2] denying leave to amend his complaint to add claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq. Shamis v. Ambassador Factors Corp.*, No. 95 Civ. 9818(RWS), 1997 WL 473577 (S.D.N.Y. August 18,

1997), and [3] denying leave to plead various state common law claims against Defendants in his individual capacity, *Shamis v. Ambassador Factors Corp.*, No. 95 Civ. 9818(RWS), 1998 WL 75828 (S.D.N.Y. Feb.20, 1998). Ambassador cross-appeals from the court's partial grant of judgment as a matter of law, seeking dismissal of the state law contract claim, and in the alternative requests a new trial based on several evidentiary rulings during trial.

We are persuaded by the district court's reasoning that leave to plead the RICO claims would be futile and that Shamis lacked standing to bring claims in his individual capacity. *See Shamis*, 1998 WL 75828, at \*7; *Shamis*, 1997 WL 473577, at \*17. We are also persuaded by the district court that the evidence was insufficient to support the fraud (and punitive damage) award against Ambassador. However, upon a careful review of the record, we conclude that the evidence was sufficient to uphold the jury's finding of fraud, and the award of compensatory and punitive damages, against Roberts and Mahoney Cohen.

We have considered Ambassador's arguments on cross-appeal, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is **REVERSED** insofar as it vacated the jury's finding of fraud and its award of compensatory and punitive damages against defendants Roberts and Mahoney Cohen. The district court's judgment is affirmed in all other respects.